DOUGLAS LA FOLLETTE, Secretary of State
You ask whether a state agency which has officers or employes who are paid a salary and whose regular duties include lobbying as defined in section 13.62(10), Stats., is a "principal" under section 13.62(12). The question arises because under section13.625(3) a state officer, employe, official or candidate is prohibited from soliciting or accepting something of pecuniary value from a principal. You ask whether a state agency is included within that prohibition. I conclude that it is not.
Before the lobby law was amended by chapter 278, Laws of 1977, "principal" had a two-part definition. The first definition paralleled the present definition, essentially defining principal as any person who engages a lobbyist. The second definition defined principal as "[a]ny board, department, commission or other agency of the state . . . which engages a lobbyist or other person in connection with any legislation . . . ." Sec.13.62(4)(b), Stats. (1975). The Legislative Council notes accompanying chapter 278, Laws of 1977, state: "This two-part definition is replaced in Ch. 278 by a definition which defines `principal' as `any person who employs a lobbyist.' `Person' is broadly defined to include individuals, partnerships, associations and bodies politic and corporate (s. 990.01(26), Wis. Stats.)." Wis. Stat. Ann. § 13, Legislative Council Note 93 (West 1986).
The reference to section 990.01(26) is instructive because inState ex rel. Dept. of Pub. Instruction v. ILHR, 68 Wis.2d 677,683, 229 N.W.2d 591 (1975), the Wisconsin Supreme Court had held that the state was not included within the definition of person in section 990.01(26) because the phrase "bodies politic and corporate" was conjunctive. The unmistakable legislative intent in chapter 278, therefore, was to exclude the state and its agencies from the definition of principal by amending the statute to exclude those groups and by referring to the general definition of "person" which did not include the state or its agencies.
Chapter 169, Laws of 1979, changed the definition of person in section 990.01(26) to include "bodies politic or corporate." The *Page 127 
analysis of the legislation by the Legislative Reference Bureau notes that it was introduced as remedial legislation because if "person" only refers to bodies politic and corporate, as the court held in State ex rel. Dept. of Pub. Instruction, corporations which are not bodies politic would not be included within the definition of "person." The effect of the change in section 990.01(26), therefore, "clarifies that a `person' when mentioned in the statutes without further qualification or definition, includes bodies politic (governments) or bodies corporate (corporations) individually." The definition "does not alter the rule that a regulatory statute will not be applied to the state unless it expressly so provides." Legislative Reference Bureau Analysis to 1979 Assembly Bill 875. There is no reason to conclude that the remedial change in the definition of "person" was intended to repeal the Legislature's specific removal of the state and its agencies from the definition of "principal" in section 13.62(12). The manifest intent of the Legislature is pellucidly expressed in the chapter 278 amendments. The later remedial change in section 990.01(26) does not alter that intent. See sec. 990.01(intro.), Stats.
The state and its agencies are not included within the definition of principal in section 13.62(12). Rather, the lobby law treats agencies separately and differently from other lobbyists. E.g., secs. 13.695, 13.70(2), 13.70(1)(a) and13.685(7), Stats. The lobby law, therefore, applies to state agencies only as specifically noted within that law. The state and its agencies do not come under the general prohibitions governing principals.
DJH:AL *Page 128